No. 3376.—In the Matter of the Succession of JEAN CERISE.

The widow of her deceased husband, or her heirs, if left in necessitous circumstances, are entitled to recover one thousand dollars from his succession. In such a case, if it be shown that there are not sufficient funds in the estate, unencumbered by mortgage, to pay it, then the mortgages must contribute the balance.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud, J. E. Bermudez,* for appellant. *J. Duvigneaud,* for appellee.

TALIAFERRO, J. A creditor of Jean Cerisé having a mortgage on his debtor's tract of land, proceeded to have it sold *via executiva.* The succession of Cerisé was small, consisting only of the tract of land sold after his decease by the creditor, and a few personal effects amounting by appraisement to $115. . The land brought $2480, which was reduced to the net amount of $1796, after deducting the expenses of sale and taxes against the land. The decedent left at his death a widow and minor children in necessitous circumstances. The widow, on behalf of her minor children, claims from the proceeds of the land $1000 for their use and benefit, under what is termed the Homestead Law (Revised Statutes, section 1693). The creditor resists this claim on the ground that the widow and minors have in kind the personal effects of the succession and that they have had the use and enjoyment of the real estate, the rent of which was worth $500.

We think the case was properly disposed of in the lower court, in which there was judgment rendered in favor of the minors for $1000, less the sum of $115, the appraised value of the personal property.

The creditor appealed. It is shown that the widow and minors are in necessitous circumstances and that there are no other means out of which the amount accorded to them can be paid.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.

Rehearing refused.